**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.                                    4:13-CR-00227-01-BRW**

**SHALANDA COVETT TURNER**

**<ins>ORDER</ins>**

Pending is Defendant's Motion to Dismiss (Doc. No. 10).  The prosecution has responded.[1]  For the reasons set forth below, the Motion is DENIED.

Defendant Shalanda Turner has been indicted and charged with stealing over $50,000 from the Social Security Administration from around August 2003 through March 2012.[2]  She seeks dismissal of the indictment because the five-year statute of limitations[3] bars prosecution of any acts that occurred before August 7, 2008 (five years before the indictment against her was filed).[4]  The Government disagrees and argues the offense alleged is a continuing one -- meaning the statute-of-limitations period did not commence until the offensive conduct stopped.[5]

Whether a crime is continuous or not affects when the statute-of-limitations period commences.  Ordinarily, the limitations period commences when a crime is "complete" -- meaning every element of the crime has occurred.  Continuing offenses are not considered complete until the prohibited conduct stops.  "The hallmark of the continuing offense is that it

---

[1] Doc. No. 11.

[2] Doc. No. 1.

[3] *See* 18 U.S.C. § 3282 (five years statute of limitations for non-capital offenses).

[4] Doc. No. 10.

[5] Doc. No. 12.

[endures] beyond the initial illegal act, and that each day brings a renewed threat of the evil

Congress sought to prevent even after the elements necessary to establish the crime have

occurred."

An offense is deemed "continuing" for statute-of-limitations purposes only when "the

explicit language of the substantive criminal statute compels such a conclusion, or the nature of

the crime involved is such that Congress must assuredly have intended that it be treated as a

continuing one."[6]  Those courts who have ruled on the issue are split,[7] and the Eighth Circuit

Court of Appeals has not ruled on the issue.

I agree a literal reading of the statute does not indicate the alleged offense is a continuing

offense one.  But the nature of the alleged offense -- stealing SSI benefits by misrepresenting

material facts on an application -- is such that Congress must have intended courts treat it as a

continuing offense.  Congress has not only made it a criminal offense to knowingly and willfully

make a false representation of a material fact in an application for SSI benefits, but also has

created an ongoing duty to disclose any false representations after they have been made.[8]  This

indicates that Congress intended courts to treat offenses such as the scheme alleged here as

continuous.  Accordingly, the statute-of-limitations clock started ticking at the conclusion of the

alleged offense -- not the commencement of it.  Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED this 18th day of February, 2014.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[6] *Toussie*, 397 U.S. at 115.

[7] Compare *Yashar*, 166 F.3d at 879 (holding that conduct in violation of 18 U.S.C. § 666 cannot be construed as a continuing offense), with *U.S. v. Smith*, 373 F.3d 561, 567–68 (4th Cir. 2004) (holding that conduct in violation of Section 641 can be construed as a continuing offense when it involves a "recurring, automatic scheme of embezzlement").

[8]  42 U.S.C. § 1383a.